**DENIED and Opinion Filed March 20, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00255-CV**

**IN RE AUTUMN RANCH, LLC, Relator**

**Original Proceeding from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-03340**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relator's March 6, 2024 petition for writ of mandamus. Relator challenges an April 26, 2023 order denying relator's plea in abatement. Relator contends that a suit relator filed in Rockwall County before real party filed suit in Dallas County has dominant jurisdiction.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)

(orig. proceeding). Rule 52 requires a relator to file with its petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re CG Searcy*, No. 05-24-00020-CV, LLC, 2024 WL 861385, at *1 (Tex. App.—Dallas Feb. 29, 2024, orig. proceeding) (mem. op.).

Here, the record reflects the trial court held a hearing on relator's plea in abatement on April 25, 2023. But relator neither provided this Court with a transcript of that hearing nor a statement that no testimony was adduced in connection with the matter complained of at the hearing. Thus, we conclude relator failed to meet its burden to provide a sufficient record to demonstrate entitlement to mandamus relief.

Even if no testimony was adduced and no exhibits were admitted into evidence at the hearing, we conclude that relator's petition is barred by laches. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *In re Barnes*, No. 05-22-00312-CV, 2022 WL 1955754, at *1 (Tex. App.—Dallas June 3, 2022, orig. proceeding) (mem. op.). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id*. (citation and internal quotation marks omitted). "Thus, delaying the filing of a

petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *Id*. "A delay of only a few months can constitute laches and result in denial of mandamus relief." *Id*.

Here, the trial court denied relator's plea in abatement on April 26, 2023. Relator did not seek mandamus relief for more than ten months. The record reflects that in the interim, the trial court in Rockwall County transferred the claims between relator and real party in interest to Dallas County in December 2023. Relator provides no explanation for its delay in seeking mandamus relief. Accordingly, we conclude that relator's unreasonable delay bars its right to mandamus relief. We thus deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Erin A. Nowell//

240255f.p05

ERIN A. NOWELL
JUSTICE